# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
SEP 30 2015
CLERK, U.S. DISTRICT COURT
By _____
         Deputy

MOTION UNDER 28 U.S.C. SECTION 2255,
TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A
<u>PERSON IN FEDERAL CUSTODY</u>

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br>RESPONDENT, | FCI Waseca<br>FEDERAL CORRECTIONAL INSTITUTION<br>P.O. BOX 1731<br>WASECA, MN  56093 |
| | PLACE OF CONFINEMENT |
| vs. | 43610-177 |
| | PRISONER ID NUMBER |
| DOROTHY FRAIZER WISEMAN, | 4:11-cr-00192--Y-14 |
| MOVANT (full name of movant) | CRIMINAL CASE NUMBER |
| | 4-15CV-732 Y |

(If a movant has a sentence to be served in the future under a federal judgment which he wishes to attack, he should file a motion in the federal court which entered the judgment.)

---

## INSTRUCTIONS - READ CAREFULLY

1. This motion must be legibly handwritten or typewritten, and signed by the movant under penalty of perjury. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form.

2. Additional pages are not permitted except with respect to the facts which you rely upon to support your grounds for relief. No citation of authorities needs to be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3. Upon receipt, your motion will be filed if it is in proper order. No fee is required with this motion.

4.  If you do not have the necessary funds for transcripts, counsel, appeal, and other costs connected with a motion of this type, you may request permission to proceed *in forma pauperis*, in which event you must execute the declaration provided with this motion, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed *in forma pauperis*, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution.

5.  Only judgments entered by one court may be challenged in a single motion. If you seek to challenge judgments entered by different judges or divisions either in the same district or in different districts, you must file separate motions as to each such judgment.

6.  Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the motion you file seeking relief from any judgment of conviction.

7.  When the motion is fully completed, the original and two copies must be mailed to the Clerk of the United States District Court for the Northern District of Texas at the appropriate divisional office whose address is:

| Abilene Division | Amarillo Division | Dallas Division | Fort Worth Division |
|---|---|---|---|
| P.O. Box 1218 | 205 E. 5th St, Rm 133 | 1100 Commerce, Rm 1452 | 501 W. 10th St, Rm 310 |
| Abilene, TX 79604 | Amarillo, TX 79101 | Dallas, TX 75242 | Fort Worth, TX 76102 |

| Lubbock Division | San Angelo Division | Wichita Falls Division |
|---|---|---|
| 1205 Texas Ave., Rm 209 | 33 East Twohig St, Rm 202 | P.O. Box 1234 |
| Lubbock, TX 79401 | San Angelo, TX 76903 | Wichita Falls, TX 76307 |

8.  Motions which do not conform to these instructions will be returned with a notation as to the deficiency.

# MOTION

1. Name and location of court that entered the judgment of conviction you are challenging:

   UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF TEXAS
   501 WEST TENTH STREET #310
   FORT WORTH, TEXAS 76102-3673

2. Date of the judgment of conviction:

   1/29/2013

3. Length of sentence: 151 Months

4. Nature of offense involved (all counts):

   21:841(a)(1), (b)(1)(B) Possess With Intent to Distribute Controlled Substance; 21:846 Conspiracy to Possess With Intent to Distribute Controlled Substance
   X

5. (a) What was your plea? (Check one)

   Not guilty [X]   Guilty [ ]   Nolo contendere (no contest) [ ]

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or or indictment, what did you plead guilty to and what did you plead not guilty to?

   N/A

6. If you went to trial, what kind of trial did you have? (Check one)   Jury [X]   Judge Only [ ]
7. Did you testify at the trial? (Check one)   Yes [ ]   No [X]
8. Did you appeal from the judgment of conviction? (Check one)   Yes [X]   No [ ]
9. If you did appeal, answer the following:

   Name of Court: FIFTH CIRCUIT COURT OF APPEALS

   Result: JUDGMENT OF THE DISTRICT COURT WAS AFFIRMED

   Date of result: 08/27/2014

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

    Yes [X]   No [ ]

11. If your answer to 10 was "Yes" give the following information:

    Name of Court: UNITED STATES DISTRICT COURT-NORTHERN DISTRICT TEXAS-FORT WORTH

    Nature of proceeding:

    > 3/24/2015 MOTION to Reduce Sentence re: 2014 Drug Guidelines Amendment (18 USC:3582)

    Grounds raised:

    > That the Defendant meets the criteria for the reduction of sentence by 2 points under the retroactive Amendment 782.

    Did you receive an evidentiary hearing on your petition, application or motion?

    Yes [ ]   No [X]

    Result:         N/A

    Date of result: N/A

    As to any *second* petition, application or motion, give the same information:

    Name of Court: N/A

    Nature of proceeding: N/A

    > N/A

    Grounds raised:

    > N/A

    Did you receive an evidentiary hearing on your petition, application or motion?

    Yes [ ]   No [X]

    Result:         N/A

    Date of result: N/A

As to any *third* petition, application or motion, give the same information:

Name of Court:   N/A

Nature of proceeding:

N/A

Grounds raised:

N/A

Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐   No ☒

Result:   N/A

Date of result:   N/A

Did you appeal to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

First petition, etc.      Yes ☐   No ☒
Second petition, etc.   Yes ☐   No ☒
Third petition, etc.    Yes ☐   No ☒

If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

Np previous petitions have been filed.

12. State <u>concisely</u> every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

> **CAUTION:** If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you <u>should raise in this petition all available grounds</u> (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

<u>DO NOT CHECK ANY OF THESE LISTED GROUNDS.</u> If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by a violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right to appeal.

A.  Ground One:

> WHETHER THE MOVANT WAS DEPRIVED OF EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL NOT ONLY FAILED TO ADVISE HER OF PROBABLE CONCEQUENCES, BUT AFFIRMATIVELY MISREPRESENTED THE CONSEQUENCES OF GOING TO TRIAL

Supporting FACTS (tell your story briefly without citing cases or law):

> Counsel, in the initial stages of the case, advised the Movant that the government had no evidence against her. He based the ent defense on the government's inability to produce anyone who said that she sold them any drugs. Although he said there was no proof of her guilt, he advised her to forfeit her right to a speedy trial. With the amount of time involved in adjudicating the case, he then allowed her to stay in jail for months. During this time he failed to investigate various factors of the case. Counsel did not fil for separate trials for her and even though knew that the co defendant John faced certain conviction. Counsel placed her in the position of being painted with the same brush as the other co defendant going to trial He did not advise her properly as to the rea and actual stastics regarding going to trial.

B.  Ground Two:

> THE MOVANT WAS DEPRIVED OF THE EFFECTIVE ASSISTANCE OF COUNSEL WHERE COUNSEL FAILED TO ADEQUATELY PREPARE FOR TRIAL PREPARE AND CALL WITNESSES ON HER BEHALF AND ARGUE A FAVORABLE DEFENSE OH HER BEHALF.

Supporting FACTS (tell your story briefly without citing cases or law):

> On the trial date when a last minute flare up kept Movant's codefendant from going to trial, Counsel proceeded to trial with the Movant with the same prejudiced jury. Witnesses for the Movant, Kevin Pace and Movant's brother, Roy Frazier were schedule to speak on Movant's behalf. Counsel advised them of the time to be there, but when the last minute changes occurred, he failed advise them of the new time change. When they showed up at the time he advised then advised them that the trial had proceede told them that only the closing arguments were left. Counsel advised the individuals scheduled to appear as witnesses that he di not have a phone with which to advise them of the changes in the time. As a result, the witness on the stand was the lying strung out 'husband' was the only voice the court heard. Reportedly an addict, who should have had little or no credibility in the witness chair and was reportedly working as a confidential informant. His character and his testimony went unchallenged by Counsel. His testimony was full of lies which did major damage to the Movant's case. After Movant was convicted, he stopped any contact and communication with her.

C.  Ground Three:

> MOVANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL DURING PRELIMINARY AND TRIAL STAGES OF THE PROCEEDINGS. COUNSEL FAILED TO ACT AS AN ADVOCATE IN THE REPRESENBTATION OF THE MOVANT.

Supporting FACTS (tell your story briefly without citing cases or law):

> Movant admitted to giving some drugs to a friend who was "dope sick". When the Prosecution told the jury tha just giving a friend some dope to fight being dope sick was considered "distribution" (which Movant had admitted to), she most definitely knew that they were inclined to find her guilty. When did Counsel first becon aware of her helping that friend? If it was before the day of the trial, shouldn't he have been aware of the law a tried to address that matter? It seemed his entire defense was based on there being no proof of her selling dru to anyone. Counsel failed to investigate, to realize with the codefendants were going to testify against the Movant. He should have advised her of that, advised her of the ramifications that once the other defendants entered pleas she would most likely have more testimony against her. His strategy for her defense seemes to l based on no witness available to state that she sold them drugs. I failed to investigate, find witnesses on his ov

D.     Ground Four:

> THE MOVANT WAS DENIED THE RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATIVE OF HER SIXTH AMENDMENT RIGHTS UNDER THE CONSTITUTION-HER GUIDELINES SENTENCING CLACULATION AND HER ROLE IN THE OFFENSE IS OVERSTATED. COUNSEL FAILED TO LAUNCH THE PROPER OBJECTIONS TO HER ENHANCED ROLE IN THE OFFENSE OF CONVICTION. THE MOVANT'S CULIPABILITY IS OVERSTATED.

Supporting FACTS (tell your story briefly without citing cases or law):

> Movant's sentence was calculated based on the factors of Accomplice Attribution. The guidelines based on the amount of drugs in the Conspiracy "Relevant Conduct," as understood by the Federal sentencing guidelines ha three dimensions: a temporal dimension, which focuses on the totality of a defendant's conduct from the planning stages of the offense to the post-offense behavior that bears on the possible guideline adjustments. The preponderance of proof was not challenged, objected to in the calculation of the amount of drugs factored into the guideline calculation to fashion her sentence. The testimony did not bear ut the amount of drugs totalling 624 grams of heroin. Movant's role was relatively minor, being addicted to the drug, she was not entrusted to the amounts of drugs to sell that is repreented. This testimony assessing her culpability from was elicited from codefendants in order to mitigate their roles in the offense for lower sentences. Statistically defendants going to trial instead if pleading recieve a great deal more time that those who lead.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

> Due to the Ineffective assistance of counsel, none of the grounds were previously presented.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐    No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing:

> 301 S Morgan
> PO Box 1679
> Granbury, TX 76048
>
> At all stages of the proceedings.

(b) At arraignment and plea:

> Andrew Ottaway
> 301 S Morgan
> PO Box 1679
> Granbury, TX 76048

(c) At trial:

> Same as above

(d) At sentencing:

> Same as above

(e) On appeal

(f) In any post-conviction proceeding:

> N/A

(g) On appeal from any adverse ruling in a post-conviction proceeding:

> N/A

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

    Yes ☐   No ☑

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

    Yes ☐   No ☑

    (a) If so, give name and location of court which imposed sentence to be served in the future:

    N/A

    (b) And give date and length of sentence to be served in the future:

    N/A

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

    Yes ☐   No ☑

    Wherefore, movant prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

    _____
    Signature

    _____
    Firm Name (if any)
    N/A

    _____
    Address
    N/A

    _____
    City, State & Zip Code
    N/A

    _____
    Telephone (including area code)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on 9-23-2015 (date).

_____
Signature of Movant