IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DOROTHY FRAZIER WISEMAN,
                Petitioner,

v.

UNITED STATES OF AMERICA,
                Respondent.

No.    4:15-CV-00732-Y
       (4:11-CR-00192-Y (14))

## **RESPONSE TO MOTION UNDER 28 U.S.C. § 2255**

Respectfully submitted,

JOHN R. PARKER
United States Attorney

*/s/ Amy Burch*
AMANDA (AMY) R. BURCH
Assistant United States Attorney
Texas Bar No. 24031900
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone: 806.472.7322
Facsimile: 806.472.7351
E-mail: Amy.burch@usdoj.gov

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ....................................................................................... ii

RESPONSE TO MOTION UNDER 28 U.S.C. § 2255 ...................................... 1

STATEMENT OF THE CASE ......................................................................... 1

STATEMENT OF THE ISSUES ...................................................................... 1

STATEMENT OF FACTS ................................................................................ 2

      1.      A jury convicts Wiseman of conspiring to possess with intent to distribute heroin ............................................................................................. 2

      2.      Based on her extensive criminal history and the scope of her involvement in the conspiracy, the Court sentences Wiseman at the bottom of her advisory guidelines range to a 151-month prison term .................................................. 2

ARGUMENT AND AUTHORITIES ................................................................. 3

      A.      Wiseman fails to establish what, if anything, her lawyer did to "misrepresent" the consequences of going to trial, and she fails to establish that, but for her lawyer's advice, the outcome of her case would have been different ............................................................... 6

      B.      Wiseman fails to show deficient performance and resulting prejudice as a result of counsel's trial preparation, trial strategy, and advocacy on her behalf ..................................................................................... 9

      C.      Wiseman fails to show that her lawyer performed deficiently at sentencing or that she suffered any prejudice as a result ................. 11

CONCLUSION ............................................................................................. 12

CERTIFICATE OF SERVICE ........................................................................ 13

i

## TABLE OF AUTHORITIES

**Federal Cases**                                                    **Page(s)**

*Barker v. Wingo*, 407 U.S. 514 (1972)  ............................................................. 8

*Clay v. United States*, 537 U.S. 522 (2003)  ...................................................... 1

*Cullen v. Pinholster*, 131 S. Ct. 1388 (2011)  ............................................... 4, 5

*Glover v. United States*, 531 U.S. 198 (2001)  ................................................ 12

*Lafler v. Cooper*, 132 S. Ct. 1376 (2012)  ........................................................ 8

*Massaro v. United States*, 538 U.S. 500 (2003)  ............................................... 4

*Miller v. Johnson*, 200 F.3d 274 (5th Cir. 2000)  ............................................. 5

*Padilla v. Kentucky*, 559 U.S. 356 (2010)  ........................................................ 5

*Premo v. Moore*, 131 S. Ct. 733 (2011)  ............................................................ 5

*Sayre v. Anderson*, 238 F.3d 631 (5th Cir. 2001)  .......................................... 11

*Smith v. McCotter*, 786 F.2d 697 (5th Cir. 1986)  ............................................ 7

*Strickland v. Washington*, 466 U.S. 668 (1984)  ........................................... 4, 5

*United States v. Addonizio*, 442 U.S. 178 (1979)  ............................................ 3

*United States v. Capua*, 656 F.2d 1033 (5th Cir. Unit A 1981)  ................... 3, 4

*United States v. Delgado*, 672 F.3d 320 (5th Cir. 2012) (en banc)  ................. 2

*United States v. Frady*, 456 U.S. 152 (1982)  ............................................... 3, 4

*United States v. Green*, 882 F.2d 999 (5th Cir. 1989)  ..................................... 7

*United States v. Hughes*, 635 F.2d 449 (5th Cir. Unit B 1981)  .................... 5, 6

*United States v. Placente*, 81 F.3d 555 (5th Cir. 1996)  ............................... 3, 4

ii

**Federal Cases (continued…)** **Page(s)**

*United States v. Raetzsch*, 781 F.2d 1149 (5th Cir. 1986) ................................................ 7

*United States v. Reed*, 719 F.3d 369 (5th Cir. 2013) ........................................................ 6

*United States v. Stewart*, 207 F.3d 750 (5th Cir. 2000) ..................................................... 5

*United States v. Stotts*, 792 F.2d 1318 (5th Cir. 1986) .................................................. 10

*United States v. Wiseman, et al.*, 576 F. App'x 376 (5th Cir. 2014) ........................... 1, 2

**Federal Statutes and Rules**

28 U.S.C. § 2255 .............................................................................................................. 3

Rule 8 of the Rules Governing Section 2255 Proceedings ............................................... 5

## RESPONSE TO MOTION UNDER 28 U.S.C. § 2255

The government opposes Dorothy Wiseman's motion under Section 2255 because her ineffective-assistance-of-counsel claims are conclusory, and she fails to demonstrate that she was actually prejudiced by any of the failures of counsel that she alleges.

## STATEMENT OF THE CASE

A jury found Wiseman guilty of conspiracy to possess with intent to distribute a controlled substance, and the Court sentenced her at the bottom of her advisory guidelines range to a 151-month prison term.   (CR Dkt. Nos. 362; 536; 545.)[1]   Wiseman appealed, and the Fifth Circuit affirmed her conviction, specifically finding that the evidence supported the jury's verdict.   *United States v. Wiseman, et al.*, 576 F. App'x 376, 379 (5th Cir. 2014).   Her conviction became final 90 days later on October 27, 2014.   *See Clay v. United States*, 537 U.S. 522, 532 (2003).   She timely filed her first motion under Section 2255 on September 30, 2015.   (CV Dkt. No. 1.)

## STATEMENT OF THE ISSUES

Wiseman argues that her lawyer provided constitutionally defective representation by: (1) affirmatively misrepresenting the potential consequences of going to trial (Ground One); (2) failing to adequately prepare for trial, call witnesses, present a favorable defense on her behalf at trial, and otherwise "act as an advocate" on her behalf (Grounds Two and Three); and (3) failing to "launch th[e] proper objections" at sentencing (Ground Four).

---

[1]   "CR Dkt. No. __" refers to the docket of the underlying criminal proceeding, *United States v. Wiseman*, No. 4:11-CR-00192-Y(14).   "CV Dkt. No. __" refers to the docket of this section 2255 action.

1

Because she fails to prove both deficient performance and resulting prejudice, her claims should be denied.

## STATEMENT OF FACTS

1.    **A jury convicts Wiseman of conspiring to possess with intent to distribute heroin.**

An undercover FBI agent bought heroin from "Los Homeboys," a gang affiliated with the Banditos.   *Wiseman*, 576 F. App'x at 378.   Codefendant John Medellin was the leader of Los Homeboys.   *Id.*   Wiseman was a dealer for Medellin, a fact she admitted to a DEA agent following her arrest and after having been provided with her *Miranda* warnings.   *Id.*   She also admitted to making over 50 heroin purchases from Medellin, part of which she would use herself and part of which she would sell.   *Id.*

Medellin and Wiseman were tried separately.   *Id.*   At trial, Wiseman contended that she was only a user-purchaser and not a party to the conspiracy.   *Id.* at 379.   The jury rejected her defense and convicted her, and the Fifth Circuit affirmed, noting that "[t]he record is replete with evidence that Wiseman 'knowingly participate[d] in a plan to distribute drugs.'"   *Id.* (quoting and citing *United States v. Delgado*, 672 F.3d 320, 333 (5th Cir. 2012) (en banc))

2.    **Based on her extensive criminal history and the scope of her involvement in the conspiracy, the Court sentences Wiseman at the bottom of her advisory guidelines range to a 151-month prison term.**

The presentence report recommended that Wiseman be held responsible for 624 grams of heroin based on her purchase of 3 grams of heroin two times per week throughout

the course of the conspiracy, yielding a base offense level of 28.   (CR Dkt. No. 520-1 at ¶¶ 17, 28.)   A 2-point enhancement for obstruction of justice was applied because the Court found that Wiseman testified falsely at trial.   (*Id.* at ¶ 32; CR Dkt. No. 545 at 3.)   Her multiple convictions placed her in a criminal history category V, yielding an advisory guidelines range of 151 to 188 months.   (CR Dkt. No. 530-1 at ¶¶ 53, 90.)   The Court sentenced her within this range to a 151-month prison sentence, and at her lawyer's urging, refrained from stacking her federal sentence with her pending state cases.   (CR Dkt. No. 545 at 4-6.)

## ARGUMENT AND AUTHORITIES

### Standard of review

Under 28 U.S.C. § 2255, a prisoner may move the convicting court to vacate, set aside, or correct his conviction or sentence.   It provides four grounds: "(1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is 'otherwise subject to collateral attack.'"   *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996) (citation omitted).

"It has, of course, long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment."   *United States v. Addonizio*, 442 U.S. 178, 184 (1979).   "Section 2255 does not offer recourse to all who suffer trial errors."   *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A 1981).   It may also "not do service for an appeal."   *United States v. Frady*, 456 U.S. 152,

165 (1982).   After conviction and the exhaustion or waiver of all appeals, the Court is

"entitled to presume" that the prisoner "stands fairly and finally convicted."   *Id.* at 164.

Instead, section 2255 is "reserved for transgressions of constitutional rights and for

that narrow compass of other injury that could not have been raised on direct appeal and,

would, if condoned, result in a complete miscarriage of justice."   *Capua*, 656 F.2d at

1037.   In other words, the "scope of relief under § 2255 is consistent with that of the writ

of habeas corpus."   *Placente*, 81 F.3d at 558.

Ineffective-assistance-of-counsel claims can be raised under section 2255.

*Massaro v. United States*, 538 U.S. 500, 504 (2003).   Such claims require the prisoner to

prove deficient performance and resulting prejudice.   *Strickland v. Washington*, 466 U.S.

668, 687 (1984).   The Supreme Court has repeatedly "made clear that the purpose of the

effective assistance guarantee of the Sixth Amendment is not to improve the quality of

legal representation" but only to "ensure that criminal defendants receive a fair trial."

*Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011).   Accordingly, "the benchmark for

judging any claim of ineffectiveness must be whether counsel's conduct *so undermined* the

proper functioning of the adversarial process that the trial cannot be relied on as having

produced a just result."   *Id.* (emphasis in original).

Indeed, "[t]here are countless ways to provide effective assistance in any given

case," and "[e]ven the best criminal defense attorneys would not defend a particular client

in the same way."   *Strickland*, 466 U.S. at 689.   "Recognizing the temptation for a

defendant to second-guess counsel's assistance after conviction or adverse sentence, the

4

Court established that counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Cullen*, 131 S. Ct. at 1403 (internal quotation marks and citation omitted). In order to overcome that strong presumption, "a defendant must show that counsel failed to act reasonably considering all the circumstances." *Id.* The defendant must prove that counsel was deficient; it is not the government's burden to prove that counsel was competent. *See Premo v. Moore*, 131 S. Ct. 733, 739 (2011).

To prove prejudice, a defendant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. This showing "requires a substantial, not just conceivable, likelihood of a different result." *Cullen*, 131 S. Ct. at 1403. Simply making "conclusory allegations" of deficient performance and prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010). The claim fails if the prisoner does not satisfy either the deficient-performance or prejudice prongs. *United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). The reviewing court need not address both components if there is an insufficient showing on one. *Id.*

A section 2255 motion does not automatically require a hearing. *United States v. Hughes*, 635 F.2d 449, 451 (5th Cir. Unit B 1981); *see also* Rule 8 of the Rules Governing Section 2255 Proceedings. "When the files and records of a case make manifest the lack

5

of merit of a section 2255 claim, the trial court is not required to hold an evidentiary

hearing." *Hughes*, 635 F.2d at 451.   A prisoner is not entitled to an evidentiary hearing

on his section 2255 motion unless he "presents independent indicia of the likely merit of

his allegations," although "this requirement must be understood practically, in the context

of the claim being presented." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013).

**Discussion**

**A.    Wiseman fails to establish what, if anything, her lawyer did to
        "misrepresent" the consequences of going to trial, and she fails to
        establish that, but for her lawyer's advice, the outcome of her case
        would have been different.**

Under her first point, Wiseman argues that her lawyer "affirmatively

misrepresented the consequences" of going to trial by:

- initially advising her that there was no evidence against her;

- advising her to waive her right to a speedy trial, allowing her "to stay in jail
  for months";

- failing "to investigate various factors" in the case;

- failing to move to sever her trial from Medellin's, thereby "plac[ing] her in
  the position of being painted with the same brush"; and

- failing to advise her regarding "the actual statistics regarding going to trial."

(CV Dkt. No. 1 at 7.)

Wiseman, however, makes only conclusory allegations of her lawyer's alleged

mishandling of her case without making any showing of deficient performance and

resulting prejudice.   For example, although she complains that her lawyer defended her on

6

the grounds of the "government's inability to produce anyone who said she sold them any drugs," she does not explain how this defense was objectively unreasonable or what different, better defense should have been pursued.   She also fails to show any likelihood that a different defense would have resulted in a more favorable outcome.

She further fails to explain what "affirmative misrepresentations" her lawyer made about the consequences of going to trial.   She does not claim that her lawyer guaranteed her a trial victory or made any other unkept promises.[2]   Indeed, she does not even claim that she proceeded to trial in reliance on her lawyer's advice, as opposed to her own insistence that she never sold drugs for Medellin, as she testified at trial.   (CR Dkt. No. 431 at 57.)   Additionally, while she claims her lawyer failed to adequately investigate her case in the pretrial phase, she "must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial[,]" which she fails to do.   *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).   Accordingly, she offers no facts upon which this Court can find that her lawyer's performance was constitutionally deficient.

She also wholly fails to demonstrate prejudice.   Where the prejudice alleged is having to stand trial, rather than waive it by guilty plea, Wiseman must show "that but for the ineffective advice of counsel there is a reasonable probability that [a] plea offer would

---

[2]   Even if she had made such an allegation, a petitioner is not entitled to an evidentiary hearing when his allegations of an unkept promise are inconsistent with the bulk of his conduct, *United States v. Raetzsch*, 781 F.2d 1149, 1152 (5th Cir. 1986), and where the petitioner alleges an actual promise versus an understanding, she must prove "(1) exactly what the terms of the alleged promise were; (2) exactly when, where, and by whom such a promise was made; and (3) the precise identity of an eyewitness to the promise."   *Smith v. McCotter*, 786 F.2d 697, 701 (5th Cir. 1986).

have been presented to the court (i.e., that the defendant would have accepted [a] plea and the prosecution would not have withdrawn it in light of the intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper*, 132 S. Ct. 1376, 1385 (2012). Wiseman makes no allegation of any plea offer rejected on her lawyer's advice, much less any showing that she would have accepted the offer and that the Court would have approved of the plea. She also fails to show how the outcome of her case would have been different with a plea.

Wiseman also complains that her lawyer advised her to waive her speedy trial rights and did not move to sever her case from Medellin's, but again, she fails to prove how these actions prejudiced her. The Supreme Court has recognized that a trial delay may benefit a defendant, and "[d]elay is not an uncommon defense tactic." *Barker v. Wingo*, 407 U.S. 514, 521 (1972). Wiseman makes no allegation that she suffered actual harm as a result of any delay—i.e., that the evidence at an earlier-in-time trial or sentencing hearing would have differed to the degree that it would likely have resulted in a different outcome—so she cannot demonstrate the prejudice that *Strickland* requires. Similarly, because she was actually tried separately from Medellin, it is unclear how she was prejudiced by her attorney's failure to seek severance. In short, Wiseman's claims are nothing but conclusory allegations of deficient performance with no showing of prejudice.

**B.      Wiseman fails to show deficient performance and resulting prejudice as a result of counsel's trial preparation, trial strategy, and advocacy on her behalf.**

Wiseman argues that she was deprived of her right to the effective assistance of counsel because her lawyer failed to advocate for her in that he did not adequately prepare for trial, proceeded to trial with a prejudiced jury, failed to advise potential witnesses about schedule changes that resulted in them arriving too late to testify on her behalf, failed to investigate and "find witnesses," and failed to understand and address the ramifications of what the witnesses against her would say.   (CV Dkt. No. 1 at 7.)   Again, because Wiseman offers unsupported conclusions, she fails to explain how counsel's performance was objectively unreasonable and how she was actually prejudiced as a result.

As to her lawyer's trial preparation, she points to no single act or omission demonstrating his lack of preparedness, and the record reveals none.   (CR Dkt No. 431.) She questions the point at which her lawyer became aware that she had "helped" a "dope-sick" friend by providing her with heroin, questions whether her lawyer knew or understood what the evidence against her would be (i.e., that her codefendants would testify against her), and wonders, "shouldn't [counsel] have been aware of the law and tried to address that matter?"   (CV Dkt. No. 1 at 7.)   But her armchair quarterbacking of her lawyer's defense strategy is insufficient to establish deficient performance because she does not show how the proffered defense—that she never sold drugs for Medellin—was objectively unreasonable, especially in light of her own testimony to the same.   (*See* CR Dkt. No. 431 at 52-64.)   Moreover, as the appellate court noted, the "large deliveries

9

discredit Wiseman's argument that the heroin was for her family's consumption only," and this Court held that she lied when she testified otherwise.   (CR Dkt. No. 545 at 3.)   Just because the defense strategy to minimize Wiseman's conduct was ultimately unsuccessful does not mean that it constitutionally deficient, and with only her own conclusory allegations that her lawyer should have somehow done something differently—without identifying any facts in support—she cannot prevail.

Under this same umbrella of complaints, Wiseman argues that her lawyer should not have proceeded to trial with a jury that was prejudiced against her because of Medellin and should have sought severance at an earlier point in the proceedings.   However, she fails to make any showing at all that there were reasonable grounds for severance earlier than the trial date, when Medellin's "flare up" caused his trial to be continued.[3]   Because "[t]he general rule is that persons indicted together should normally be tried together," *United States v. Stotts*, 792 F.2d 1318, 1321 (5th Cir. 1986), and because she cannot show that, even if her lawyer had moved for severance at an earlier point in the proceedings, the trial court would have granted the motion, she cannot demonstrate that her lawyer acted unreasonably by failing to seek severance at an earlier point.   Additionally, although she makes the conclusory claim that the jury was unduly prejudiced against her because she was associated with Medellin, there is absolutely no factual support for this claim in the record, and even if the jury drew inferences about her association with Medellin, those

---

[3]   The reason for the severance does not appear in any of the transcribed portions of Wiseman's record, but it appears from portions of Medellin's record that he had a health issue that caused his trial to be continued.

10

were reasonable inferences in light of the testimony from at least three different people that

Wiseman distributed heroin for Medellin.   (CR Dkt No. 141 at 20, 23, 36-37, 47-48.)

As to her complaint of uncalled witnesses—including her brother and one other

person that she anticipated would testify on her behalf and other unknown individuals that

she thinks her lawyer should have found—she fails to provide any indication of what these

witnesses would say or how their testimony would have resulted in a different outcome.

"Complaints of uncalled witnesses are not favored" on collateral review because

"allegations of what a witness would have testified to are largely speculative."   *Sayre v.*

*Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001).   Indeed, where "the only evidence of

missing witnesses' testimony is from the defendant," the Court should view the

ineffective-assistance claim with "great caution."   *Id.* at 636.   Wiseman's conclusory

allegation presents such an instance, and she provides the Court with no reason to credit it.

### C.     Wiseman fails to show that her lawyer performed deficiently at sentencing or that she suffered any prejudice as a result.

Wiseman argues that she was denied effective assistance of counsel at sentencing

because her lawyer failed to object to the drug quantity attributable to her.   (CV Dkt. No. 1

at 8.)   She argues that this caused her role in the conspiracy to be overstated and resulted in

her receiving a higher sentence than other defendants who pled guilty.   (*Id.*)   Wiseman's

argument has no merit, however, because her drug quantity was based on her own

estimation of the amount of heroin she was responsible for purchasing from Medellin and

was supported by the statements of others at trial.   (CR Dkt. No. 520-1 at ¶ 17; CR Dkt.

11

No. 431 at 21-25.)   Accordingly, Wiseman cannot show that an objection on this basis would have been sustained by the Court or would have resulted in lowering guideline range.   And even if her guideline range had been lower, she cannot show any likelihood that Court would have necessarily selected a lower sentence.   *See Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001) (a prisoner shows prejudice by demonstrating that the deficient performance of his attorney resulted in an increase in punishment).   Because she cannot establish deficient performance or prejudice, this claim fails.

## CONCLUSION

The government respectfully requests that the Court deny Wiseman's motion.

Respectfully submitted,

JOHN R. PARKER
United States Attorney

*/s/ Amy Burch*
AMANDA (AMY) R. BURCH
Assistant United States Attorney
Texas Bar No. 24031900
1205 Texas Avenue, Suite 700
Lubbock, Texas 79401
Telephone: 806.472.7322
Facsimile: 806.472.7351
E-mail: Amy.burch@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on December 4, 2015, I filed this notice with the clerk of court for the

U.S. District Court, Northern District of Texas.   I also certify that a copy of this notice was

sent to Dorothy Frazier Wiseman, Register Number 43610-177, BOP Waseca FCI, P.O.

Box 1731, Waseca, MN 56093, through the United States mail, certified return receipt

number 7012 3050 0002 1690 0767.

*/s/ Amy Burch*
AMANDA (Amy) R. BURCH
Assistant United States Attorney

13